Justin D. Rodriguez
AZ Bar No. 024765
ATKINSON, BAKER & RODRIGUEZ, P.C.
201 Third Street NW, Suite 1850
Albuquerque, NM  87102
505-764-8111 | Fax 505-764-8674
jrodriguez@abrfirm.com

*Attorney for BNSF Railway Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| MICHAEL DECKER,<br><br>           Plaintiff,<br><br>vs.<br><br><br>BNSF RAILWAY COMPANY,<br><br>           Defendant. | No. :<br><br><br>**NOTICE OF REMOVAL** |

Pursuant to Sections 1332, 1441(a), and 1446, Title 28 of the United States Code, and LRCiv 3.6, Rules of Practice of the United States District Court for the District of Arizona, Defendant BNSF Railway Company ("BNSF") hereby files this Notice of Removal, removing Cause No. CV2023000107, *Decker v. BNSF Railway* from the Winslow Justice Court Civil Division to the United States District Court for the District of Arizona. By removing this case, BNSF does not waive, and expressly reserves, any and all defenses available to it. The grounds for removal are further stated as follows.

**I.     BNSF HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

**A.     <u>Removal of the Case.</u>**

1.      On June 20, 2023, Plaintiff Michael Decker ("Plaintiff") commenced his original action against BNSF in the small claims court in Winslow, Arizona, Cause No. CV2023000107. Plaintiff alleged he was "unjustly terminated from BNSF's employment." Plaintiff sought only $2,000.00 for the 20 months he alleges he lost his Retirement submission and Benefits to the Railroad Retirement Board.

2.      On June 27, 2023, pursuant to A.R.S. 22-504(a) and Rule 11, ARSCP, BNSF objected to the proceedings in the small claims division and demanded transfer to the Winslow Justice Court.

3.      On July 11, 2023, the court granted BNSF's demand and transferred the case to the Winslow Justice Court.

4.      On August 21, 2023, Plaintiff filed his First Amended Complaint (titled "Plaintiff[']s Modification to Complaint") to include  for the first time recovery for 25 months of full health care insurance and now $296,080.00 in alleged lost wages as a result for his termination.

5.      The United States District Court for the District of Arizona embraces the county and court in which the state court action is now pending. 28 U.S.C. § 82. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

6.      By removing this action to federal court, BNSF does not waive any defense that is otherwise available to it.

7.    BNSF reserves all rights to answer or present other defenses or objections pursuant to Fed.R.Civ.P. 12 or other provisions of law.

8.    In consideration of the requirement of 28 U.S.C. § 1446(a) and in compliance with LRCiv 3.6, true and complete copies of all process, pleadings, records, proceedings and the Orders filed in the state court action are being filed with this Notice of Removal, attached as **Exhibit 1**, the docket is attached as **Exhibit 2,** and counsel's verification is attached as **Exhibit 3**.

**B.    Notice of Removal is Timely.**

9.    Plaintiff filed the initial Complaint on June 20, 2023. Thus, this September 8, 2023, Notice of Removal is timely filed within one year of the filing of the Complaint as contemplated by 28 U.S.C. § 1446(c)(1).

10.    It is also timely filed under 28 U.S.C. § 1446(b)(3) because this Notice is filed within 30 days of the August 21, 2023 First Amended Complaint by which this matter first became removable on the basis the amount in controversy.

11.    This Notice of Removal is therefore timely in all respects.

**C.    Proper Notice to the State Court.**

12.    Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly served upon the pro se Plaintiff and a copy of this Notice of Removal will be promptly filed with the Clerk of the County of Winslow Justice Court, Arizona.

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action, there is complete diversity of citizenship between Plaintiff and BNSF, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Plaintiff's First Amended Complaint therefore makes this case properly removable under 28 U.S.C. § 1441.

**A.    Complete Diversity of Citizenship Exists.**

14.    There is complete diversity of citizenship between Plaintiff and BNSF.

15.    The citizenship of an individual is based on the individual's domicile. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The citizenship of a corporation is its state of incorporation and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

16.    At the time this action was commenced, and at all times subsequent, Plaintiff Michael Decker was and is a citizen of the State of Arizona. *See* Original Complaint (domicile address in caption).

17.    Defendant BNSF is a duly organized corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Texas. Accordingly, for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1), BNSF is a citizen of the States of Delaware and Texas.

18.    BNSF can properly remove this case on the basis of diversity jurisdiction because BNSF is not a citizen of Arizona. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise

4

removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

### B.    Plaintiff's Alleged Damages Exceed the $75,000 Jurisdictional Threshold for Removal.

19.    To confer subject matter jurisdiction on this Court based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

20.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (citing 28 U.S.C. § 1446(a)). Moreover, to establish a jurisdictional amount in connection with removing an action to federal court, a defendant is not required to concede liability for the amount of the plaintiff's claim. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012).

21.    Once the proponent of federal jurisdiction plausibly explains how the plaintiff's potentially recoverable damages might exceed $75,000, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)). Even if it is highly improbable that the plaintiff will recover $75,000 or less, this does not meet the legally impossible standard. *Id*. "Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good

faith." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citation omitted).

22.    Here, in the Plaintiff's First Amended Complaint, Plaintiff alleges damages of $296,080.00 in lost wages. *See* **Exhibit 1**, at p. 63, ¶¶ 1, 2. Therefore, the amount in controversy is satisfied.

23.    BNSF does not concede that Plaintiff will recover more than $75,000 in this action. Indeed, it expressly denies that it is liable for any damages of any kind or nature claimed by Plaintiff.

## III.    OTHER PROCEDURAL MATTERS

Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant, who did not answer Plaintiff's First Amended Complaint before removal, will timely answer or present other defenses or objections under the Federal Rules within 7 days after this notice of removal is filed.

WHEREFORE, for the foregoing reasons, pursuant to and in conformity with the requirements set forth in Section 1446, BNSF hereby removes this case in its entirety from the County of Winslow Justice Court, Arizona, to the United States District Court for the District of Arizona.

**Dated: <u>September 8, 2023</u>.**

Respectfully submitted,

ATKINSON, BAKER & RODRIGUEZ, P.C.


/s/ Justin D. Rodriguez
Justin D. Rodriguez, AZ Bar # 024765
201 Third Street NW, Suite 1850
Albuquerque, NM 87102
505.764.8111
jrodriguez@abrfirm.com

*Attorney for Defendant BNSF Railway Company*


## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2023, I filed the foregoing *Notice of Removal* and exhibits electronically through the CM/ECF system and served a copy of the Notice and exhibits upon the following party by US Mail and Email to:

Michael A. Decker
1 Transcon Lane
Winslow, AZ 86047
(307) 257-1221
deckerMT35AMSN.com
Plaintiff


ATKINSON, BAKER & RODRIGUEZ, P.C.

/s/ Justin D. Rodriguez
Justin D. Rodriguez

7