**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Decker,<br><br>    Plaintiff,<br><br>v.<br><br>BNSF Railway Company,<br><br>    Defendant. | No. CV-23-08550-PCT-DGC<br><br>**ORDER** |

Plaintiff Michael Decker commenced this action by filing a complaint against Defendant BNSF Railway Company in Winslow Justice Court. Defendant removed the case to this Court and filed a motion to dismiss Plaintiff's amended complaint. Doc. 13. Plaintiff filed a response to the notice of removal (Doc. 8), but has not responded to the motion to dismiss. For reasons stated below, the Court finds that removal was proper, the amended complaint fails to state a claim for relief, and leave to amend is appropriate.

**I.    Background.**

Plaintiff worked for Defendant as a conductor for more than fifteen years. *See* Doc. 1-3 at 3. His employment with Defendant was terminated on December 30, 2016 due to alleged attendance issues. *Id.* at 2, 4. On July 18, 2018, he was reinstated pursuant to a settlement agreement between Defendant and Smart United Transportation Union ("Smart UTU"). *Id.* at 2, 4-7.

Plaintiff took a medical leave of absence on February 6, 2023 and filed disability paperwork with the Railroad Retirement Board. *Id.* at 2. Defendant investigated the matter and terminated Plaintiff's employment on May 12, 2023 due to alleged violations of Defendant's attendance policy. *Id.*

On June 20, 2023, Plaintiff filed a pro se complaint against Defendant in the small claims division of the Winslow Justice Court. *Id.* at 1-8 (Case No. CV-2023-000107). He sought $2,000 in retirement benefits for the period between his alleged wrongful termination on December 30, 2016 and his reinstatement on July 18, 2018. *Id.* at 2-3. The case was transferred to the civil division of the Winslow Justice Court on July 11, 2023. *Id.* at 37. On August 21, 2023, Plaintiff filed an amended complaint seeking $296,080 for healthcare insurance and back pay. *Id.* at 63-64. Defendant removed the case to this Court on September 8, 2023. Doc. 1.

**II.     Removal Was Proper.**

Pursuant to the federal removal statutes, 28 U.S.C. §§ 1441 and 1446, Defendant removed the case based on diversity jurisdiction under 28 U.S.C. § 1332. Federal courts possess diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

Plaintiff asserts that (1) the notice of removal was not timely filed, (2) no copy of the notice was provided to Plaintiff or the Justice Court, (3) diversity of citizenship does not exist, and (4) the amount in controversy is less than $75,000. Doc. 8. Each point is incorrect. *See* Doc. 10.

**A.     The Notice of Removal Was Timely Filed.**

The notice of removal was timely filed within one year of the filing of the original complaint and within thirty days of the filing of the amended complaint that sought damages exceeding $75,000. *See* 28 U.S.C. § 1446(b)(3), (c)(1); *Freestyle Mktg. LLC v. Seba Int'l Corp.*, No. CV-15-01770-PHX-GMS, 2015 WL 13122935, at *1 (D. Ariz. Dec. 22, 2015) ("[A] thirty-day removal period is triggered if the initial pleading does not

indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained") (citations omitted).

### B. Notice to Plaintiff and the Justice Court.

Section 1446 provides that after filing the notice of removal, the defendant "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of [the] State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

When Defendant filed the notice of removal with the Court, it served a copy on Plaintiff via U.S. mail and email. Doc. 1 at 7. Plaintiff clearly received the notice given his objection to removal. Doc. 8.

Defendant states in the notice of removal that a copy would be filed promptly with the Clerk of the Winslow Justice Court pursuant to § 1446(d). Doc. 1 at 3, ¶ 12. Plaintiff presents no evidence that the filing did not occur, and does not claim that any proceedings in the Justice Court have occurred after removal to this Court. *See Dwyer v. Trinity Fin. Servs., LLC*, No. C20-1236-JLR-MAT, 2020 WL 7647047, at *2 (W.D. Wash. Nov. 17, 2020) (noting that the purpose of § 1446(d) "is to notify the state court it does not have jurisdiction to proceed further in the matter"). Nor has Plaintiff shown that any failure or delay in notifying the Justice Court warrants remand. *See Koerner v. Aetna U.S. Healthcare, Inc.*, 92 F. App'x 394, 396 (9th Cir. 2003) ("Koerner asserts the district court should have remanded the action because Aetna failed to timely file a copy of the notice of removal with the state court clerk as 28 U.S.C. § 1446(d) required. This contention is unavailing. Procedural requirements for removal, such as the timely filing of the notice of removal, are 'formal and modal,' not jurisdictional.") (citation omitted).

### C. Diversity of Citizenship Exists.

For purposes of diversity jurisdiction, "an individual is 'citizen' of the state in which he or she resides and intends to remain, and a corporation is a citizen of every state by which it has been incorporated and of the state in which it has its principal place of

business." *Ouma v. Asher*, No. 3:18-CV-00888-AC, 2019 WL 2529556, at *3 (D. Or. May 30, 2019) (citing 28 U.S.C. § 1332(c)).  Complete diversity exists in this case because Plaintiff is a citizen of Arizona and Defendant is a citizen of Delaware, its state of incorporation, and Texas, the state where it has its principal place of business.  *See* Doc. 1 at 4-5, ¶¶ 14-18.

Plaintiff presents a document from the Arizona Corporation Commission ("ACC") purportedly showing that Defendant is incorporated in Arizona.  Doc. 8 at 4.  But the document actually shows that Defendant is a foreign corporation with the domicile state of Delaware and its principal place of business in Texas.  *Id.*; *see* Doc. 10 at 3; ACC, *Entity Information*, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber= F07944082 (last visited Feb. 23, 2024).  Plaintiff also presents ACC documents showing information for BNSF Railway Consulting LLC and BNSF Logistics LLC, but neither entity is a defendant in this case.  Doc. 8 at 3, 5.  And BNSF Logistics is a Delaware LLC with its principal place of business in Texas.  *Id.* at 5.

### D. The Amount in Controversy Exceeds $75,000.

The operative amended complaint seeks $296,080 in damages.  Doc. 1-3 at 63; *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that an amended complaint supersedes the original complaint).  Plaintiff proposes a modification to the amended complaint to reduce his request for damages below the threshold amount.  Doc. 9. But when the amount in controversy is satisfied at the time of removal, as in this case, "any subsequent amendment to the complaint . . . below the jurisdictional threshold does not oust the federal court of jurisdiction."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938)).

### E. Conclusion.

Diversity jurisdiction exists and removal was proper.  The Court therefore will not remand the case to Winslow Justice Court.

/ / /

4

### III. Defendant's Motion to Dismiss.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moves to dismiss the amended complaint for failure to state a claim for relief. Doc. 7. The Court will grant the motion.

#### A. Rule 8's Pleading Requirements and the Rule 12(b)(6) Standard.

A complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

#### B. Plaintiff's Amended Complaint.

Plaintiff appears to assert a breach of contract claim in his amended complaint. He alleges that he is owed 25 months of healthcare insurance "from the original contractual agreement formed by BNSF and the Smart UTU on [his] behalf." Doc. 1-3 at 63. He further alleges that he is entitled to back pay because "BNSF has not followed through with and has broken the Contract." *Id.* at 63-64.

To state a breach of contract claim, a plaintiff must allege facts showing "the existence of the contract, its breach and the resulting damages." *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975). Plaintiff has not sufficiently shown the existence of the contract that Defendant allegedly breached. Plaintiff refers generally to "the terms of the signed Agreement by BNSF[,]" but does not identify those terms or explain how Defendant may have breached them. *See* Doc. 7 at 6. Plaintiff has not adequately pled a plausible breach of contract claim.

## IV. Leave to Amend.

Defendant asserts that Plaintiff's grievance is with the representation he received from his union and leave to amend would be futile because Plaintiff's claim relates to his attendance and back pay issues that were resolved through the settlement he references in the original complaint. Doc. 7 at 5-8. But this assertion is not sufficient to show that Plaintiff can assert no viable breach of contract claim against Defendant through amendment.

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182, (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). Indeed, the Court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

On the present record, the Court cannot conclude that deficiencies in the amended complaint could not possibly be cured. Given Plaintiff's pro se status, and following Rule 15's directive that leave to amend be freely granted, the Court will grant Plaintiff leave to amend. Plaintiff shall have until **April 1, 2024** to file a second amended complaint.

A second amended complaint supersedes the original complaint and the first amended complaint. *See Ferdik*, 963 F.2d at 1262. After amendment, the Court will treat the original and the first amended complaints as nonexistent. *Id.* Any purported claim that was raised in the original or first amended complaints is waived if it is not raised in a second amended complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012); *Nailing v. Eskander*, No. 2:20-CV-07559-AB-JC, 2021 WL 3930077, at *1 n.1 (C.D. Cal. Sept. 2, 2021) (explaining that the amended complaint must "be complete in and of itself and not refer in any manner to the original [c]omplaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed").

## V. Plaintiff Must Follow the Rules and Court Orders.

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers). Plaintiff therefore is required to become familiar with and follow the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.[1]

For purposes of the second amended complaint, Plaintiff is directed to Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Rule 8(d) provides that each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) requires the plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And where doing so would promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*; *see also Iqbal*, 556 U.S. at 677 (explaining that the short and plain statement of the claim required by Rule 8(a)(2) must designate the legal cause of action and include relevant factual allegations to render the claim plausible); *Nailing*, 2021 WL 3930077, at *1 n.1 (discussing the requirements of Rules 8 and 10).[2]

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss this action with prejudice pursuant to Federal Rule of Civil

---

[1] The rules also are available on this District Court's website, along with a Handbook for Self-Represented Litigants that may help Plaintiff understand the litigation process. *See* Doc. 3; U.S. District Court, District of Arizona, *Proceeding Without an Attorney*, https://www.azd.uscourts.gov/proceeding-without-attorney.

[2] Local Rule 7.1(b) requires that "the body of all documents shall be typed double-spaced and shall not exceed 28 lines per page[.]" LRCiv 7.1(b)(1). All pleadings and other original documents filed with the Clerk "shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, including any footnotes." *Id.*

Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a district court has inherent power to dismiss a case for failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule); *Ferdik*, 963 F.2d at 1260-61 (the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED**:

1. This case will not be remanded to state court.

2. Defendant's motion to dismiss the amended complaint (Doc. 7) is **granted**.

3. Plaintiff shall have until **April 1, 2024** to file a second amended complaint.[3]

Dated this 5th day of March, 2024.

David G. Campbell
Senior United States District Judge

---

[3] Plaintiff is advised that the new case number for this action is CV-23-08550-PCT-DGC. Plaintiff shall include this case number in the title of a second amended complaint and every other document he files with the Court. *See* LRCiv 7.1(a)(3).

8