**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Decker,<br><br>      Plaintiff,<br><br>v.<br><br>BNSF Railway Company,<br><br>      Defendant. | No. CV-23-08550-PCT-DGC<br><br>**ORDER** |

Plaintiff Michael Decker alleges in an amended complaint that his former employer, Defendant BNSF Railway Company, breached an unspecified contract and owes him backpay and healthcare insurance. Doc. 1-3 at 63-64. In an order dated March 5, 2024, the Court dismissed the amended complaint and granted Plaintiff leave to file a second amended complaint by April 1, 2024. Doc. 12. Because Plaintiff has failed to comply with that order or otherwise prosecute his claim, the Court will dismiss this action without prejudice.

**I.    Background.**

On June 20, 2023, Plaintiff filed a pro se complaint against Defendant in the small claims division of the Winslow Justice Court. Doc. 1 at 1-8 (Case No. CV-2023-000107). He sought $2,000 in retirement benefits for his alleged wrongful termination. *Id.* at 2-3. The case was transferred to the civil division of the Winslow Justice Court on July 11,

2023. *Id.* at 37.  On August 21, 2023, Plaintiff filed an amended complaint seeking $296,080 in backpay and 25 months of healthcare insurance.  *Id.* at 63-64.  Defendant removed the case to this Court on September 8, 2023.  Doc. 1.

Defendant then moved to dismiss the amended complaint for failure to state a claim for relief.  Doc. 7.  Plaintiff filed a response to the notice of removal (Doc. 8), but did not respond to the motion to dismiss.

In its March 5, 2024 order, the Court concluded that removal was proper and that Plaintiff had failed adequately to state a plausible breach of contract claim.  Doc. 12 at 2-6.  The Court granted Defendant's motion to dismiss and gave Plaintiff until April 1, 2024 to file a second amended complaint.  *Id.* at 6-8.  The Court warned Plaintiff that if he failed to prosecute this action or to comply with the Court's orders, the Court may dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).  *Id.* at 7-8 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a district court has inherent power to dismiss a case for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order)).

Plaintiff did not file an amended complaint by April 1, 2024.  Instead, the next day he filed a document asserting that the Court's March 5 order was irrelevant because the Winslow Justice Court had dismissed his case before its removal to this Court.  Doc. 13.  A review of the record shows that the Justice Court issued its dismissal order several days after the case properly was removed on September 8, 2023.  *See* Docs. 1, 13 at 4.

**II.    Dismissal Without Prejudice Is Warranted.**

The Court should consider five factors in deciding whether to dismiss this action with prejudice for Plaintiff's failure to file a second amended complaint: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives.  *Ferdik*, 963 F.2d at 1260-61 (citations omitted).

With respect to the first factor, this Circuit has made clear that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor favors dismissal because Plaintiff's "failure to amend has caused the action to come to a complete halt[.]" *Id.* The Court notes that Plaintiff's failure to amend is not the only example of his failure to act in this case – he previously failed to respond to Defendant's motion to dismiss. The third factor is satisfied because Plaintiff's non-responsiveness has caused prejudice to Defendant from the delay. *Id.* The fourth factor weighs against dismissal because public policy favors disposition of cases on the merits. *Id.*; *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (finding that this factor "lends little support" to the plaintiff because a case that "is stalled or unreasonably delayed by a party's failure to [prosecute] cannot move forward toward resolution on the merits"). Regarding the fifth factor, the Court finds that a less drastic alternative is available – dismissal without prejudice. The Court will choose this alternative.

**IT IS ORDERED**:

1. Pursuant to Rule 41(b), this case is **dismissed without prejudice**.
2. The Clerk of Court is directed to terminate this action.

Dated this 22nd day of May, 2024.

David G. Campbell
Senior United States District Judge

3